IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MINA SHARPE and BELINDA McKINNON, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| | ) Case No. 3:17-cv-189 |
| Plaintiffs, | )<br>) |
| | ) **COLLECTIVE AND CLASS** |
| v. | ) **ACTION COMPLAINT** |
| | ) |
| ALLY FINANCIAL, INC., RANDSTAD NORTH AMERICA, INC., and VACO CHARLOTTE, LLC, | )<br>) **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendants. | ) |

Plaintiffs, Mina Sharpe and Belinda McKinnon ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, bring this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, against Defendants, Ally Financial, Inc. ("Ally"), Randstad North America, Inc. ("Randstad"), and VACO Charlotte, LLC ("Vaco"), their subsidiaries and affiliates (collectively "Defendants"), and allege upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

**NATURE OF ACTION**

1. Plaintiffs contend that Defendants, acting as joint employers, violated the FLSA and the NCWHA by knowingly suffering or permitting Plaintiffs and other similarly situated workers (collectively, "Class Members") to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours. Plaintiffs and Class Members

1

worked for Defendants as hourly-paid Anti-Money Laundering Investigators (hereinafter "AML Investigators") and other similar positions, regardless of their precise titles.

2. Defendant Ally Financial, Inc. is responsible for a "fissured employment"[1] scheme. Pursuant to this scheme, Ally has contracted with Defendants Randstad North America, Inc., VACO Charlotte, LLC, and other staffing agencies, to recruit, hire and assign individuals to perform work for Ally at its offices. These workers are hired by Randstad, Vaco, and other staffing agencies as W-2 employees. Although Ally controls virtually all aspects the workers' work, Ally disclaims any responsibility for them as its employees and refuses to pay them overtime as required by law. Here, the economic reality of the relationship renders Defendants as joint or co-employers and thus jointly responsible for denying Plaintiffs and Class Members overtime pay for work performed over 40 hours in a given week. The use of this structure to shirk compliance with the FLSA has become so prevalent that the U.S. Department of Labor has made investigating and exposing it a priority.[2]

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any

---

[1] Fissured employment describes the practice of a large company attempting to shed its role as a direct employer and purporting to disassociate itself from the workers responsible for its client services (albeit maintain tight control over the method, manner, quantity, and quality of work). The practice of outsourcing an employer's responsibilities and obligations to subordinate entities and subcontractors is highly profitable for corporations like Ally, but results in stagnation of wages and benefits and causes rampant violations of wage-and-hour laws. *See e.g.*, David Weil, *The Fissured Workplace: Why Work Became So Bad for So Many and What Can Be Done to Improve It* (Harvard Univ. Press, Feb. 3, 2014); David Weil, *Enforcing Labour Standards in Fissured Workplaces: The US Experience*, 22 Econ. & Lab. Rel. Rev. 2, at 33-54 (July 2011).

[2] *See generally*, DOL Misclassification Initiative, available at http://www.dol.gov/whd/workers/misclassification.

2

Federal or State court of competent jurisdiction." The Representative Plaintiffs have signed opt-in consent forms to join this lawsuit. (Group Exhibit A).

4. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b), because Defendants reside in or conduct business within this District, and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

7. Representative Plaintiff Mina Sharpe ("Sharpe") is an adult citizen and resident of North Carolina who worked for Defendants Ally and Randstad in Charlotte, North Carolina as an hourly paid AML Investigator from on or about September 2014 through March 2015.

8. Throughout this period, Sharpe was an "employee" of Defendants Ally and Randstad as defined by the FLSA, 29 U.S.C. § 203(e)(1) and NCWHA.

9. Representative Plaintiff Belinda McKinnon ("McKinnon") is an adult citizen and resident of North Carolina who worked for Defendants Ally and Vaco in Charlotte, North Carolina as an hourly paid AML Investigator from on or about 2013 through July 2015.

10. Throughout this period, Belinda McKinnon was an "employee" of Defendants Ally and Vaco as defined by the FLSA, 29 U.S.C. § 203(e)(1) and NCWHA.

11. Defendant Ally Financial, Inc., is a Delaware corporation with its principal place of business located in Detroit, Michigan. Defendant provides financial services including auto

financing, corporate financing, insurance, mortgages, stock brokerage, and online banking services to customers throughout this District and nationwide.

12. Defendant Randstad North America, Inc., is a Delaware corporation with its principal place of business located in Atlanta, Georgia. Randstad is a staffing company that provides outsourcing, consulting, and workforce staffing solutions within the areas of engineering, finance and accounting, healthcare, human resources, IT, legal, life sciences, manufacturing and logistics, office administration and sales, and marketing to clients throughout this judicial District and nationwide.

13. Defendant VACO Charlotte, LLC, is a Tennessee corporation with its principal place of business located in Nashville, Tennessee. Vaco is a staffing company that provides consulting, contract, and direct hire solutions in the areas of accounting, finance, technology, healthcare, operations, and general administration to clients throughout this judicial District and nationwide.

14. Defendants are covered by the provisions of the FLSA because they are each an "enterprise" under the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants have employees engaged in commerce and revenue that exceeds $500,000.00.

15. At all relevant times, Defendants jointly employed Plaintiffs and Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NCWHA. At all relevant times, Defendants maintained control over Plaintiffs and Class Members, including payroll and other employment practices that applied to them.

## FACTUAL ALLEGATIONS

16. Plaintiffs and Class Members are individuals who were recruited and hired to work for Ally by Randstad, Vaco, and other staffing agencies[3] as AML Investigators, or other similarly

---

[3] Upon information and belief, employees were hired to work for Ally through additional staffing agencies, other than Randstad and Vaco.

titled positions, during the statutory period. Plaintiffs and Class Members all shared similar job titles, training, job descriptions, job requirements and compensation plans, among other things.

17. Plaintiffs' and Class Members' primary duty is the day-to-day monitoring of transactions and/or accounts that have been alerted as suspicious by Ally's internal systems to detect or rule out any suspicious money laundering or terrorist financing activities. More specifically, Plaintiffs and Class Members conduct searches, gather data, and record evidence from Ally's internal systems, the internet, and commercial databases and maintain and resolve cases assigned to them for investigation by Ally.

18. Upon information and belief, Ally has a contractual relationship with staffing agencies, including Randstad and Vaco, in which the staffing agencies recruit and hire individuals to work for Ally at its offices nationwide and Ally pays the staffing agencies for the work performed by these workers. Pursuant to this agreement, Ally dictates and controls all aspects of Plaintiffs' and Class Members' work, including their assignments, work schedules, and the amount of compensation they receive. Ally also controls the scheduling and timekeeping systems (*i.e.* Fieldglass) and practices applicable to Plaintiffs and Class Members.

19. Plaintiff Sharpe was recruited by Randstad to work for Ally as an AML Investigator at its financial center in Charlotte, North Carolina.

20. Plaintiff McKinnon was recruited by Vaco to work for Ally as an AML Investigator, also at its financial center in Charlotte, North Carolina.

21. Plaintiffs were interviewed by Ally and informed that they met Ally's hiring criteria. Plaintiffs were required to complete Ally's hiring process, including completion of a background check, drug test, and prior employment verification. Plaintiffs were also provided with Ally on-boarding forms.

22. Defendants paid Plaintiffs a straight hourly rate for up to 40 hours of work per week. Despite the fact that Plaintiffs routinely worked more than 40 hours per week, they were not paid overtime.

23. Defendants instructed Plaintiffs to record their time worked, up to 40 hours per week, in Defendants' Fieldglass system. Fieldglass is a program used by Defendants to record and bill for Plaintiffs' time worked.

24. Defendants instructed Plaintiffs not to record hours worked beyond 40 per week. Additionally, if Plaintiffs attempted to record hours worked beyond 40 per week, the limitations of the Fieldglass system prevented them from recording this overtime.

25. Throughout the course of their employment with Defendants, Plaintiffs reported to an Ally supervisor and were provided Ally cubicles, Ally company-issued laptops, and Ally e-mail addresses. Plaintiffs shared similar job duties and responsibilities as other Ally employees who were not hired through staffing agencies.

26. Pursuant to their scheme to deprive Plaintiffs and Class Members of overtime pay, Defendants dictated, controlled, and ratified the wage and hour and all relative compensation policies that applied to Plaintiffs and Class Members.

27. Defendants encouraged, required, suffered, and/or permitted Plaintiffs and Class Members to work, and they routinely did work, in excess of 40 hours in given workweeks without compensation for overtime wages earned at a rate of one and one-half times their regular rate.

28. Defendants failed to create or maintain accurate records of all of the hours worked by Plaintiffs and Class Members.

29. Defendants were aware, or should have been aware, that Plaintiffs and Class Members performed non-exempt work that required payment of overtime compensation.

30. The conduct alleged above reduced Defendants' labor and payroll costs.

31. Plaintiffs and Class Members were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs and Class Members in accordance with the requirements of the FLSA and NCWHA, Plaintiffs and Class Members suffered lost wages and other damages.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the FLSA.

33. Plaintiffs bring this action under the FLSA on behalf of the following collective class of similarly situated individuals:

> All individuals who were recruited and hired by one or more staffing agencies to work for Ally as hourly paid AML Investigators, or any other similarly titled position, during the applicable statute of limitations period who were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "FLSA Collective").

34. Plaintiffs are members of the FLSA Collective they seek to represent because they were recruited and hired by staffing agencies to work for Ally as hourly paid AML Investigators during the relevant period and were routinely required, suffered or permitted to work more than 40 hours per week without proper overtime compensation.

35. Although Plaintiffs and the members of the FLSA Collective may have had different job titles, been hired by different staffing agencies, and/or worked in different locations throughout

7

the relevant period, this action may be properly maintained as a collective action because Plaintiffs and members of the FLSA Collective were similarly situated. Specifically:

    a.    Plaintiffs and members of the FLSA Collective were hired through outside staffing agencies and assigned to work for, and at, Ally locations;

    b.    Defendants required Plaintiffs and the members of the FLSA Collective to follow Ally company policies, practices and directives;

    c.    Plaintiffs and members of the FLSA Collective were all hourly paid employees;

    d.    Plaintiffs and members of the FLSA Collective worked in excess of 40 hours per week;

    e.    Regardless of their job title or location, Defendants did not pay Plaintiffs and members of the FLSA Collective an overtime premium of one and one-half times their regular hourly rate for all time worked in excess of 40 hours per week;

    f.    Defendants maintained common timekeeping and payroll systems and policies, namely through Fieldglass, with respect to Plaintiffs and members of the FLSA Collective, regardless of their job title or location; and

    g.    Defendants failed to record the time actually worked by Plaintiffs and members of the FLSA Collective.

36.    Defendants encouraged, suffered, and/or permitted Plaintiffs and members of the FLSA Collective to work more than 40 hours per week without proper overtime compensation.

37.    Defendants knew or should have known that Plaintiffs and members of the FLSA Collective performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive the Plaintiffs and members of the FLSA Collective of wages and overtime compensation.

38.    Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and members of the FLSA Collective. Plaintiffs requests that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

40. Upon information and belief, Plaintiffs estimate that there are over fifty (50) similarly situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

41. The precise number of members of the FLSA Collective can be easily ascertained using Defendants' personnel, time, and payroll records and other records. Given the composition and size of the FLSA Collective, its members may be informed of the pendency of this action directly via U.S. mail, e-mail, and otherwise.

## NCWHA CLASS ALLEGATIONS

42. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiffs bring claims for relief on their own behalf and as representatives of a class under the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, to recover unpaid wages, unpaid overtime compensation, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendants' violation of the NCWHA.

43. Plaintiffs seek class certification under Rule 23 for the following class under the NCWHA:

> All individuals who were recruited and hired by one or more staffing agencies to work for Ally as hourly paid AML Investigators, or any other similarly titled position, in the state of North Carolina during the applicable statute of limitations period who were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "NCWHA Class").

44. This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

   a. The NCWHA Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact that are common to the NCWHA Class;

   c. The claims or defenses of the Plaintiffs are typical of the claims or defenses of the NCWHA Class; and,

   d. The Plaintiffs will fairly and adequately protect the interests of the NCWHA Class.

**Numerosity**

45. Upon information and belief, Plaintiffs estimate that the total number of putative NCWHA Class members represents at least (50) individuals. The precise number of NCWHA Class members can be easily ascertained using Defendants' personnel, time, and payroll records and other records.

**Commonality**

46. There are numerous and substantial questions of law and fact common to the NCWHA Class members, including, without limitation, the following:

   a. Whether Defendants failed to pay the NCWHA Class an overtime premium of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek;

   b. Whether Defendants maintained common timekeeping and payroll systems and policies with respect to the NCWHA Class, regardless of their job title or location;

   c. Whether Defendants failed to keep true and accurate records of the amount of time the NCWHA Class actually worked;

   d. Whether Defendants willfully or recklessly disregarded the law in implementing their wage and hour policies applicable to the NCWHA Class; and,

    e.    The nature and extent of the class-wide injury and the appropriate measure of damages for the NCWHA Class.

47. Plaintiffs anticipate that Defendants will raise defenses that are common to the NCWHA Class.

## Adequacy

48. Plaintiffs will fairly and adequately protect the interests of all members of the NCWHA Class, and there are no known conflicts of interest between Plaintiffs and NCWHA Class members. Plaintiffs, moreover, have retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

## Typicality

49. The claims asserted by the Plaintiffs are typical of the NCWHA Class members they seek to represent. The Plaintiffs have the same interests and suffer as a result of the same unlawful practices as the NCWHA Class members.

50. Upon information and belief, there are no other NCWHA Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

## Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

51. The common questions identified above predominate over any individual issues because Defendants' conduct and the impact of their policies and practices affected NCWHA Class

11

members in the same manner: they were suffered and/or permitted to work overtime without overtime pay.

52. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

53. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

54. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

55. Defendants operate an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

56. Plaintiffs and the members of the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

57. Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

58. Throughout the relevant period, Defendants violated the FLSA by routinely suffering or permitting Plaintiffs and members of the FLSA Collective to work overtime hours without paying them proper overtime compensation.

59. Throughout the relevant period, Plaintiffs and members of the FLSA Collective worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

60. Plaintiffs and members of the FLSA Collective are not subject to any exemption.

61. Defendants failed to create or maintain accurate records of the time Plaintiffs and members of the FLSA Collective worked in violation of the FLSA, 29 U.S.C. § 211(c).

62. Defendants' violations of the FLSA, as described herein, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and members of the FLSA Collective.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. Plaintiffs and members of the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

65. As a result of the unlawful acts of Defendants, Plaintiffs and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT

66. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

67. Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

68. It is unlawful under North Carolina law for an employer to require or permit an employee to work without paying compensation for all hours worked in violation of N.C. Gen. Stat. § 95-25.6.

69. It is unlawful under North Carolina law for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime in violation of N.C. Gen. Stat. § 95-25.4.

70. Throughout the relevant period, Plaintiffs and the NCWHA Class members worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

71. Defendants required, suffered or permitted Plaintiffs and the NCWHA Class members to work in excess of 40 hours per week without proper overtime compensation.

72. The position of AML Investigator does not meet the standards for exemption under the NCWHA, N.C. Gen. Stat. § 95-25.14.

73. Defendants, through their policies and practices described above, engaged in a widespread pattern, policy and practice of violating the NCWHA as follows:

   a. By failing to pay Plaintiffs and the NCWHA Class members their earned wages for all hours worked, in violation of N.C. Gen. Stat. § 95-25.6;

   b. By failing to pay Plaintiffs and the NCWHA Class members overtime pay, in violation of N.C. Gen. Stat. § 95-25.4;

   c. By failing to make, keep, and preserve accurate time records with respect to the Plaintiffs and the NCWHA Class members sufficient to determine their wages and hours in violation of N.C. Gen. Stat. § 95-25.15; and

   d. By other practices in violation of the NCWHA.

74. Defendants' actions, described above, constitute willful violations of the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq*.

75. As set forth above, Plaintiffs and the NCWHA Class members have sustained losses in compensation as a proximate result of Defendants' violations of the NCWHA. Accordingly, Plaintiffs, on behalf of themselves and the NCWHA Class members, seek damages in the amount of their unpaid earned compensation, plus liquidated damages and interest at the legal rate set for in N.C. Gen. Stat. § 95-25.22(a) and (a)(1).

76. Plaintiffs, on behalf of themselves and NCWHA Class members, seek recovery of their attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Mina Sharpe and Belinda McKinnon, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

- a. Certify a collective action under Count I and designate Plaintiffs as representatives of all those employees similarly situated;

- b. Order Defendants to furnish to counsel a list of all names, telephone numbers, email addresses and current (or best known) home addresses of the members of the proposed FLSA Collective;

- c. Authorize Plaintiffs' counsel to issue notice at the earliest possible time informing the members of the FLSA Collective that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of proper overtime compensation, as required by the FLSA;

- d. Certify a class action under Count II;

- e. Appoint Stephan Zouras, LLP as counsel for the NCWHA Class under Rule 23(g);

- f. Declare and find that Defendants committed one or more of the following acts:

    - i. Violated overtime provisions of the FLSA by failing to pay proper overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

    - ii. Willfully violated provisions of the FLSA;

    - iii. Violated overtime provisions of the NCWHA by failing to pay proper overtime wages to Plaintiffs and NCWHA Class members; and

    - iv. Willfully violated provisions of the NCWHA.

g. Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA and NCWHA;

h. Award Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA;

i. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA and NCWHA;

j. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and NCWHA;

k. Grant leave to amend to add claims under applicable state and federal laws;

l. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

m. For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: April 8, 2017                      Respectfully Submitted,

/s/ *Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr., NCSB # 50276
PHIL GIBBONS LAW, P.C.
15720 Brixham Hill Ave., Suite 331
Charlotte, NC 28277
(704) 612-0038
phil@philgibbonslaw.com

/s/ *Ryan F. Stephan*
Ryan F. Stephan
James B. Zouras
Teresa M Becvar
STEPHEN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233 1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

17

tbecvar@stephanzouras.com

*Counsel for Plaintiffs and the Putative Collective and Class*