# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BELINDA McKINNON, on behalf herself and all others similarly situated, ) ) | |
| ) | Civil Action No. 3:17-cv-01462 |
| Plaintiff, ) | |
| v. ) | Judge William L. Campbell |
| ) | |
| ALLY FINANCIAL, INC., VACO ) NASHVILLE, LLC and VACO ) CHARLOTTE, LLC ) ) | Magistrate Judge Chip Frensley |
| Defendants. ) | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiff Belinda McKinnon ("Plaintiff"), and Defendants Ally Financial, Inc., Vaco Nashville, LLC, and Vaco Charlotte, LLC (collectively, "Defendants"), through their undersigned counsel, jointly move the Court to approve the settlement reached by the parties in this case. In support of this Motion, the parties state as follows:

1. In this putative class and collective action, Plaintiff alleged that Defendants failed to pay her and other similarly situated workers certain overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and failed to pay them all wages accruing to them on their regular paydays under the North Carolina Wage and Hour Act, N.C. Gen Stat. § 95-25.1, *et seq.* ("NCWHA"). (ECF No. 59, 2d Am. Compl.)

2. The parties have completed the initial phase of discovery, including the exchange of Plaintiff's timekeeping and payroll records, among other documents, and the depositions of Plaintiff and representatives of Defendants. The parties have a *bona fide* dispute over whether Plaintiff is owed unpaid overtime wages under the FLSA.

3. With sufficient information to assess the relative strengths and weaknesses of their positions, the parties participated in arms-length negotiations by and between counsel for the respective parties. On August 1, 2018, the parties reached an agreement to resolve Plaintiff's claims on an individual basis, the terms of which have been formalized in their Confidential Settlement Agreement and Release ("Settlement Agreement") (Exhibit A submitted for filing under seal consistent with Defendants' Unopposed Motion for Leave to File Document under Seal).

4. Although the Sixth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g.*, *Applegate-Walton v. Olan Mills, Inc.*, 2010 U.S. Dist. LEXIS 77965, at *5 (M.D. Tenn. Aug. 2, 2010) (approving FLSA settlement pursuant to *Lynn's Food Stores*). In the "context of suits brought directly by employees against their employer … to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Before approving a settlement, a district court must conclude that "it is a fair, reasonable, and adequate resolution of a bona fide dispute over FLSA provisions." *West v. Emeritus Corp.*, No. 3:15-CV-437, 2017 WL 2880394, at *1 (M.D. Tenn. July 5, 2017). *Lynn's Food Stores* essentially established four factors for a district court to examine to determine whether to approve a FLSA settlement: (1) Was the settlement achieved in an adversarial context? (2) Was the Plaintiff represented by attorneys who can protect the Plaintiff's rights? (3) Does the settlement reflect a reasonable compromise over issues that are actually in dispute? (4) Is the settlement fair? 679 F.2d at 1353-54.

5. Here, settlement was achieved as the result of contested litigation to resolve bona fide disputes concerning Plaintiff's entitlement to alleged unpaid overtime under the FLSA, and the settlement should be approved by this Court. The Settlement Agreement is not the product of fraud or collusion in any respect. Rather, the settlement was reached in an adversarial proceeding through arm's length negotiations between capable attorneys who have extensive experience with wage and hour claims. Further, the settlement was negotiated as a compromise based upon the facts as revealed through discovery and the law relevant to the case. If a settlement in an employee FLSA suit "reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to promote the policy of encouraging settlement of litigation." *West*, 2017 WL 2880394 at *2 (approving FLSA settlement) (internal quotation omitted).

6. Defendants deny liability or wrongdoing of any kind associated with Plaintiff's claim, and Plaintiff believes she has a meritorious claim. The parties have determined, however, that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the parties believe that the Settlement Agreement is the best way to resolve the disputes between and among them. As part of the parties' compromise, Defendants have agreed to pay Plaintiff an amount representing substantially all of her alleged unpaid overtime, plus a portion of her alleged liquidated damages and attorneys' fees. *See West*, 2017 WL 2880394 at *2 (approving award of attorneys' fees in light of plaintiff's recovery of substantially all of the overtime pay to which she alleged she was entitled and considering the relative lack of correlation between plaintiffs' recoveries and attorneys' fees in FLSA cases). The settlement is a fair, reasonable, and adequate resolution of the claims at issue.

WHEREFORE, the parties respectfully request an order, attached hereto as Exhibit B: (1)

approving the Settlement Agreement, including the release of claims, the payment to Plaintiff, and the payment of attorneys' fees and expenses set forth therein; (2) dismissing this action in its entirety with prejudice; and (3) retaining jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Settlement Agreement and all orders and judgments entered in connection therewith.

Dated: August 14, 2018

Respectfully submitted,

By: */s/ Teresa M. Becvar*

Teresa M. Becvar (*Pro Hac Vice*)
Ryan F. Stephan (*Pro Hac Vice*)
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Tel. (312) 233-1550
tbecvar@stephanzouras.com
rstephan@stephanzouras.com

Charles P. Yezbak, III
Tennessee Bar No. 18965
YEZBAK LAW OFFICES
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
Tel.: (615) 250 2000
yezbak@yezbaklaw.com

*Attorneys for Plaintiff*

By: */s/ Justin R. Barnes*
Justin R. Barnes
Tennessee Bar No. 32519
JACKSON LEWIS P.C.
1155 Peachtree Street N.E.
Suite 1000
Atlanta, GA 30309
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
barnesjr@jacksonlewis.com

David R. Golder (*Pro Hac Vice*)

JACKSON LEWIS P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Telephone: (860) 522-0404
Facsimile: (860) 247-1330
golderd@jacksonlewis.com

Eileen Kuo
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
eileen.kuo@jacksonlewis.com

***Attorneys for Defendant Ally Financial, Inc.***

By: */s/ J. Craig Oliver*
J. Craig Oliver (No. 016838)
Racquel B. Martin (No. 35243)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division St., Ste. 700
Nashville, TN 37203
Telephone: (615) 244-2582
Facsimile: (615) 252-6310
coliver@bradley.com
rmartin@bradley.com

***Attorneys for Defendants Vaco Nashville, LLC and Vaco Charlotte, LLC***

5

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2018, I filed the **Joint Motion for Approval of FLSA Settlement** with the Clerk of the Court using the ECF, which electronically send notice to the following counsel of record:

| | |
|---|---|
| David R. Golder<br>**Jackson Lewis P.C.**<br>90 State House Square, 8th Floor<br>Hartford, CT 06103<br>(860) 522-0404<br>(860) 247-1330 *f*<br>GolderD@jacksonlewis.com | James Craig Oliver<br>Racquel B. Martin<br>**Bradley Arant Boult Cummings, LLC**<br>600 Division Street, Suite 700<br>Nashville, TN 37203<br>(615) 252) 2310<br>(615) 252-6310 *f*<br>Coliver@babc.com<br>Rmartin@bradley.com |
| Justin Barnes<br>**Jackson Lewis, P.C.**<br>1155 Peachtree Street N.E.<br>Suite 1000<br>Atlanta, Georgia 30309<br>(404) 525-8200<br>(404) 525-1173 *f*<br>BarnesJR@jacksonlewis.com | **Attorneys for Defendants Vaco Nashville, LLC, and Vaco Charlotte, LLC** |
| Eileen Kuo<br>**Jackson Lewis, P.C.**<br>999 Shady Grove Road, Suite 110<br>Memphis, Tennessee 38120<br>(901) 462-2600<br>(901) 462-2626 *f*<br>eileen.kuo@jacksonlewis.com | |
| **Attorneys for Defendant Ally Financial** | |

Dated: August 14, 2018                                        *s/ Teresa M. Becvar*