# Exhibit A - Filed Under Seal

DocuSign Envelope ID: E1539D92-982A-4F37-BBBD-74FD73AA7B30

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BELINDA McKINNON, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 3:17-cv-01462 |
| vs. ) ) | Judge William L. Campbell |
| ALLY FINANCIAL INC., VACO NASHVILLE, LLC, and VACO CHARLOTTE, LLC, ) ) ) ) | Magistrate Judge Chip Frensley |
| Defendants. ) ) | |

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Agreement") is entered into by and between (1) Ally Financial Inc.; (2) Vaco Nashville, LLC; and (3) Vaco Charlotte, LLC (collectively referred to throughout this Agreement as "Defendants", individually as "Ally" or "Vaco" as applicable), and (4) Belinda McKinnon, her heirs, executors, administrators, successors, and assigns (collectively "Plaintiff"). The parties agree to the following:

1. **Invalid Without Court Approval.** This Agreement is subject to approval by the United States District Court for the Middle District of Tennessee in conjunction with the case captioned McKinnon v. Ally Financial Inc. et al., Case No. 3:17-cv-01462 (M.D. Tenn.) (the "Litigation"). Plaintiff and Defendants agree to take all action necessary to seek approval of the terms of this settlement by the Court and to take all action necessary to have the claims in the Litigation dismissed with prejudice. To that end, promptly upon execution of this Agreement, Plaintiff's Counsel will prepare a Joint Motion for Approval of FLSA Settlement and will provide it to Defendants' counsel for review, comment, or revisions. The Joint Motion shall seek the entry of an Order approving the terms of this Agreement, including of the Plaintiff's released claims, approving the payment of attorney's fees and expenses, and asking the Court to dismiss the Litigation with prejudice. Except as stated below, in the event the Agreement is not approved: (1) it shall be deemed null and void, of no force and effect, and of no probative value; (2) the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation; and (3) the Parties shall return to their respective positions immediately prior to the execution of this Agreement. Except as stated below, if the Court does not approve any particular provision in this Agreement, the parties may agree to sever any such provision and resubmit the Agreement to the Court for approval.

DocuSign Envelope ID: E1539D92-982A-4F37-BBBD-74FD73AA7B30

2. **Consideration.** In consideration for signing this Agreement and complying with its terms, subject to Court approval of this agreement, Defendants agree to pay to Plaintiff and her counsel the total sum of One Hundred and Ten Thousand Dollars and No Cents ($110,000.00), to be apportioned and paid as follows:

(1) Subject to Court approval, Plaintiff will receive Thirty Two Thousand Four Hundred Dollars and No Cents ($32,400.00). Half of this amount will represent back wages and half will represent liquidated damages, penalties, and other consideration. Thus, Plaintiff shall receive (i) one check for the wages portion of the payment, totaling Sixteen Thousand Two Hundred Dollars and No Cents ($16,200.00), less required federal and state income and employment taxes, for which she will be issued an IRS Form W-2, and (ii) one check for the non-wages portion of the payment, totaling Sixteen Thousand Two Hundred Dollars and No Cents ($16,200.00), from which no deductions or withholdings shall be made, and for which she will be issued an IRS Form 1099. Defendant Vaco will issue the check to Plaintiff and will pay the employer's share of all required payroll taxes on the foregoing payments.

(2) Subject to Court approval, Defendant Ally will pay Plaintiff's counsel Seventy Seven Thousand Six Hundred Dollars and No Cents ($77,600.00) in attorney's fees and expenses, for which Plaintiff and Plaintiff's counsel will receive IRS Form 1099s in accordance with applicable law. Defendants agree not to oppose any request made by Plaintiff to the Court for the above amount in attorney's fees and expenses. Plaintiff's Counsel shall not be entitled to any additional attorney's fees and expenses in connection with this Litigation in excess of what is approved by the Court in connection with this Agreement. If the Court refuses to approve Plaintiff's counsel's attorney's fees as stated herein, in whole or in part, it shall have no impact on the enforceability of the remainder of this Agreement. Any amounts allocated as attorney's fees and expenses under this Agreement that are not approved by the Court shall be reallocated to Plaintiff. If Plaintiff's counsel must take any additional action to obtain approval, such as filing a fee petition with the Court, Defendants agree not to oppose any such action as long as Plaintiff's counsel requests no more than Seventy Seven Thousand Six Hundred Dollars and No Cents ($77,600.00) in attorney's fees and costs in such petition.

(3) Defendants will issue the foregoing payments within twenty-one (21) days after the Court enters an order approving the terms of this Agreement, dismissing the Litigation with prejudice, and expressly retaining jurisdiction to enforce this Agreement, provided (1) Defendant(s) receive a complete copy of this Agreement with an original signature by Plaintiff; (2) Defendant(s) receive IRS Forms W-9 executed by Plaintiff and her Counsel; and (3) Defendant(s) receive an IRS Form W-2 executed by Plaintiff. Counsel for Defendants and Plaintiff's counsel agree to work in good faith to accommodate the check issuance process which may result in checks being issued by any Defendant.

DocuSign Envelope ID: E1539D92-982A-4F37-BBBD-74FD73AA7B30

3. **Release of Claims by Plaintiff**

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, Plaintiff releases and forever discharges (i) Defendants; (ii) Kelly Services, Inc. ("Kelly"); (iii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendants or Kelly; and (iv) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) through (iii) hereof (collectively, "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has, had, or may have had against Releasees at any time up to and including the date of execution of this Agreement arising in connection with or relating in any way to her engagements at Ally through Vaco and Kelly and any and all aspects of her employment related to such engagements, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Older Worker Benefit Protection Act;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Fair Labor Standards Act;
- The Genetic Information Nondiscrimination Act of 2008;
- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses, including but not limited to attorneys' fees incurred in these matters.

Plaintiff is not waiving any rights she may have to: (a) her own vested accrued employee benefits under any health, welfare, or retirement benefit plans as of her separation date, if any; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

4. **Acknowledgments and Affirmations.**

Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim against any Defendants or Releasees, except those in the Litigation.

5. **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with the laws of Tennessee. In the event of a breach of any provision of this Agreement, either party may initiate proceedings specifically to enforce any term or terms of this Agreement and/or seek any damages for breach, and the prevailing party in any such proceedings shall recover from the non-prevailing party its reasonable attorneys' fees, costs and expenses incurred.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants and Releasees expressly deny any wrongdoing whatsoever in connection with the allegations in the Litigation.

7.  **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties.

8.  **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made in connection with her decision to accept this Agreement, except for those expressly set forth in this Agreement.

9.  **Limited Disclosure.** Plaintiff and Plaintiff's Counsel agree not to disclose any information regarding the negotiations leading up to or the existence or substance of this Agreement, except to Plaintiff's immediate family members, tax advisor, counsel with whom Plaintiff chooses to consult regarding her consideration of this Agreement and/or to any federal, state or local government agency. Plaintiff and Plaintiff's Counsel agree not to speak to the press, advertise, solicit, post on social media, or similarly publicize this Agreement or its terms (including, but not limited to, publicizing on a website or using in marketing, advertising or promotional materials). Notwithstanding the foregoing, Plaintiff and Plaintiff's Counsel are not prohibited or restricted from disclosures that are required by law or as may be necessary to enforce this Agreement. The parties agree that Defendants may move, unopposed, for permission from the U.S. District Court for the Middle District of Tennessee to file this agreement under seal in connection with seeking approval of the settlement in the Litigation. If the Court denies Defendants' motion, the parties may file this agreement with the Court for settlement approval purposes only.

10. **Counterparts.** This Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

11. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFF IS ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO AND, IN FACT, HAS CONSULTED WITH HER COUNSEL, PRIOR TO HER SIGNING OF THIS AGREEMENT.**

**PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY PLAINTIFF SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JUSTIN BARNES, ESQ., JACKSON LEWIS P.C., 1155 PEACHTREE ST., N.E.,**

Page 5 of 7

Case 3:17-cv-01462    Document 99    Filed 08/14/18    Page 6 of 8 PageID #: 1025

DocuSign Envelope ID: E1539D92-982A-4F37-BBBD-74FD73AA7B30

SUITE 1000, ATLANTA, GEORGIA, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO JUSTIN BARNES, ESQ., JACKSON LEWIS P.C., 1155 PEACHTREE ST. N.E., SUITE 1000, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**ALLY FINANCIAL INC.:**

By: _[signature]_  Date: 7/19/2018
Frank F. Kyphuth, Attorney

**VACO NASHVILLE, LLC:**

By: _[signature]_  Date: 8/1/2018
Kevin Witt, Partner

**VACO CHARLOTTE, LLC:**

By: _[signature]_  Date: 8/1/2018
Kevin Witt, Partner

**BELINDA MCKINNON:**

By: *Belinda McKinnon* (DocuSigned) Date: 7/18/2018

**PLAINTIFF'S COUNSEL:**

By: *Ryan Stephan* (DocuSigned) Date: 7/19/2018